UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JACQUELINE WIEGAND, | ) | CASE NO. 1:10 CV 1194 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| AMERICAN HOME MORTGAGE SERVICING, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 21, 2010, *pro se* plaintiff Jacqueline Wiegand filed this action against Deutsche Bank National Trust, American Home Mortgage Servicing, John D. Clunk Law Firm, and First Service Financial Group. Plaintiff cites, *inter alia*, the Ohio Sales Practices Act, the Fourteenth Amendment, "fraud in the inducement," the Fair Debt Collection Practices Act, and the Sarbanes Oxley Act. She disputes the validity of a mortgage loan upon which a judgment of foreclosure in the Cuyahoga County Court of Common Pleas was based, and seeks damages and an order dismissing the foreclosure action. *See, Deutsche Bank v. Wiegand*, CV-06-599036, http://cpdocket.cp.cuyahogacounty.us/p_CV_Docket.aspx.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

As an initial matter, this court cannot vacate the Cuyahoga County Common Pleas Court Judgment, nor enjoin the execution of the judgment. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a state court case is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a

2

Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing her case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

To the extent plaintiff claims that the defendants lacked standing to bring the foreclosure action in state court, and the judgment is null and void, she is directly attacking the state court's decision. Those allegations concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on her belief that the state court was mistaken in rendering its decision against her. Furthermore, any review of the federal claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings. This court lacks subject matter jurisdiction to conduct such a review or grant the relief requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

3

To the extent Ms. Wiegand is seeking to litigate this matter anew, she cannot proceed. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action she files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio court has already determined that the mortgage was valid. This court is bound to give full faith and credit to the decision of that court. Plaintiff is barred by the doctrine of *res judicata* from litigating these questions again in federal court.

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 7/14/10*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE